# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1290

_____

United States of America

*Plaintiff - Appellee*

v.

John Hunt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 6, 2018
Filed: September 20, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

John Hunt was found incompetent to stand trial under 18 U.S.C. § 4241(d) on criminal charges for assaulting a probation officer. He appeals an order committing him to the custody of the Attorney General for hospitalization under 18 U.S.C. § 4246. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Following a hearing, the district court[1] found—by clear and convincing evidence—that Hunt was suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *See* 18 U.S.C. § 4246. These factual determinations are not clearly erroneous. *See United States v. Williams*, 299 F.3d 673, 676-78 (8th Cir. 2002) (applying the clear-error standard to a determination that a prisoner was dangerous and eligible for commitment under section 4246). The commitment order is supported by the unanimous opinions of mental health professionals at the United States Medical Center for Federal Prisoners in Springfield, Missouri—where Hunt is presently confined for treatment. The district court's order is also supported by Hunt's independent psychological examiner, who determined that he suffers from a serious mental illness such that he meets the criteria for section 4246 commitment. The medical reports noted Hunt lacks insight into his mental condition; has a demonstrated history of medication noncompliance when on supervised release; has a history of substance abuse; and when not compliant with his prescribed treatment, he displays paranoid and delusional behaviors, and engages in the behaviors that led to his criminal charge. *See Williams*, 299 F.3d at 677 (commitment was appropriate even though defendant had "minimal history of actual violence" and a "relatively problem-free incarceration"); *United States v. Ecker*, 30 F.3d 966, 970 (8th Cir. 1994) (listing suggested factors in determining potential dangerousness).

This court notes that the medical experts also agreed, and the district court acknowledged, that Hunt could be a candidate for conditional release into a controlled environment where he would be monitored under a prescribed regimen of psychiatric treatment. With that in mind, the court trusts that the Attorney General will continue its efforts to place Hunt in a suitable state facility and prepare annual reports

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

concerning his condition and the need for continued commitment. *See* 18 U.S.C. §§ 4246(d), 4247(e)(1)(B).

The judgment is affirmed.  Counsel's motion to withdraw is granted.

_____